**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| SHARYN GRUENER | : | CASE NO. C-1-03-780 |
| 3219 Lillwood Lane | : | |
| Cincinnati, Ohio 45251 | : | |
| | : | JUDGE WEBER |
| | : | Magistrate Hogan |
| v. | : | |
| | : | **COMPLAINT AND** |
| OHIO CASUALTY CORPORATION | : | **JURY DEMAND** |
| c/o DEBRA K. CRANE Registered Agent | : | |
| 9450 Seward Road | : | |
| Fairfield, Ohio 45014 | : | |
| | : | |
| AND | : | |
| | : | |
| KEVIN SIMS, in his individual capacity | : | |
| c/o Ohio Casualty Insurance Company | : | |
| 9450 Seward Road | : | |
| Fairfield, Ohio 45014 | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::

Now comes Plaintiff Sharyn Gruener, by and through counsel and for her Complaint

against the Defendants, states as follows:

## I. PARTIES

1.      Plaintiff Sharyn Gruener is now and was at all times relevant hereto a resident

of the State of Ohio.

2.      Defendant Ohio Casualty Insurance Company ("Ohio Casualty") is now and was at all

times relevant hereto a corporation incorporated in the State of Ohio.

3.      Kevin Sims is an individual who is a resident of Ohio and worked as Plaintiff's direct and

immediate supervisor during Plaintiff's employment as a PC Technician at Ohio Casualty

1

Insurance's Hamilton office and at the time of her termination from that position.

## II.  JURISDICTION AND VENUE

4.     Jurisdiction is proper inasmuch as this action arises under federal law, specifically, the

Americans With Disabilities Act (ADA), 42 U.S.C. § 12101-12213 and the FLSA 29 U.S.C. 210.

This Court has pendent jurisdiction over Plaintiff's state law claims.

5.     Venue is proper inasmuch as the incidents which gave rise to this action occurred

in the Southern District of  Ohio.

## III.  PARTIES

6.     Plaintiff, Sharyn Gruener, (hereinafter "Gruener") was an employee of Defendant,

Ohio Casualty Insurance Company, and is now, and at all times relevant herein, a resident of the

State of Ohio.

7.     Defendant, Ohio Casualty Insurance Company (hereinafter " Ohio Casualty") is a

corporation organized and existing under the laws of the State of Ohio and during all relevant

times herein, was the former employer of Plaintiff, Sharyn Gruener.

## IV.  OPERATIVE FACTS

8.     Plaintiff has a medical history of vision impairment and degenerative joint disease.

9.     Plaintiff was hired by Ohio Casualty in October of 1984.

10.    From 1999 until 2002, Plaintiff held the position of PC/LAN Administrator in Ohio

Casualty's Forest Park, Ohio Office.

11.    While employed in the position of PC/LAN Administrator, Plaintiff was compensated

on a salary basis for all hours worked.

12.    As PC/LAN Administrator, Plaintiff worked under the guidance of the home office

information system staff with general responsibilities to design, install, and maintain the local area computer network.

13.     Plaintiff did not perform computer systems analysis, programming or software engineering in her job as PC/LAN Administrator and therefore was a non-exempt employee.

14.     As a PC/LAN Administrator, Plaintiff worked from time to time in excess of forty hours per week.

15.     Plaintiff did not receive overtime compensation for any hours worked in excess of forty (40)  hours per week.

16.     While holding the position of PC/LAN Administrator, Plaintiff consistently received excellent annual performance evaluations.

17.     In 2002, the position of PC/LAN Administrator which Plaintiff held was eliminated as part of Ohio Casualty's restructuring.

18.     At the time that Plaintiff position was eliminated, Ohio Casualty's management in Hamilton offered her a transfer to a lower skilled position, PC Services Technician

19.     Plaintiff accepted the position of PC Service Technician in the Hamilton office as offered by management.

20.     On February 10,2003,  Defendant terminated Plaintiff alleging that Plaintiff could not perform the essential duties of her position as a PC Service Technician on the basis of her disabilities

21.      Defendant charged that Plaintiff medical restrictions prevented Plaintiff from doing the essential duties of PC Service Technician.

22.     Plaintiff's vision impairment started in 1975 after Plaintiff suffered a light stroke

causing gaps in Plaintiff's peripheral vision predominantly on the left side.

23.     With age, Plaintiff began having difficulty with night vision and Plaintiff stopped driving in the dark in 1994.

24.      As reasonable accommodation for Plaintiff inability to drive in the dark, Ohio Casualty permitted Plaintiff to flex her work hours in the winter months when it was dark in the early morning hours while Plaintiff worked as a PC/LAN Administrator at the Forest Park office.

25.     When Plaintiff assumed the position of PC Technician in the Hamilton Office, Plaintiff was denied the ability to flex her work schedule in the winter months requiring Plaintiff to drive in the dark to work.

26.     In early 1990's Plaintiff was diagnosed with degenerative joint disease

(DJD) with site of degeneration in Plaintiff's neck.

27.  At the time of diagnosis, no medical restrictions were placed on Plaintiff, but Plaintiff's doctor recommended Plaintiff be provided a high back chair with arms.

28.     Defendant, Ohio Casualty provided a high back arm chair for Plaintiff work station.

29.     In the mid 1990's, Plaintiff was diagnosed with DJD in both knees.

30.     The condition deteriorated and Plaintiff underwent bilateral total knee replacement in July of 2001.

31.     Upon return to work following said surgery, Plaintiff was restricted from squatting, kneeling or crawling per medical advice

32.     Plaintiff provided employer Defendant, Ohio Casualty, with a copy of a doctor's order restricting Plaintiff from kneeling, crawling, or squatting.

33.     Documentation of Plaintiff's medical restriction (inability to squat, crawl, kneel) was

4

incorporated in Plaintiff's personnel file.

34.     When Plaintiff worked as a PC/LAN Administrator at the Forest Park Office,

Defendant, accommodated Plaintiff's disability by informally advising employees to aid Plaintiff

to lift or unplugging their computers as needed.

35.     Prior to accepting the position as PC Technician, Plaintiff inquired about the location

of the staff's computers which Plaintiff was required to service as part of her job duties.

36.     Management of the Hamilton office assured Plaintiff that all staff PC's were located

on desks and not on the floor.

37.     When Plaintiff assumed the position of PC Technician, Plaintiff discovered that staff PC

where not on the desk as Plaintiff had been told, but in fact the PCs were located on the floor.

38.      On or about September 12, 2002, Plaintiff requested Defendant install a grab bar in the

women rest room to accommodate Plaintiff's physical disability.

39.     Defendant denied plaintiff's request for the installation of a grab bar and instructed

Plaintiff to use the handicap equipped bathrooms located four floor above her work station on a

floor that was not being utilized.

40.     At the conclusion of her first year in the PC Technician position in 2002, her immediate

superior Kevin Sims instructed Plaintiff to prepare her own evaluation form as he did not have

one prepared for her.  Plaintiff was not able to complete the performance evaluation form prior to

her termination.  As a result, Plaintiff did not receive a performance evaluation.

41.     On or about December 10, 2002, Plaintiff requested to assume a flex time work schedule

as Plaintiff had done at her prior position of PC/LAN Administrator to accommodate Plaintiff's

night vision impairment

5

42.    Defendant including, but not limited to Plaintiff's supervisor Kevin Sims, denied plaintiff's request for re-institution of Plaintiff's flex-time schedule.

43.    On or about December 17, 2002, Defendant requested an updated physician's order detailing Plaintiff's medical restrictions.

44.    A physician's Return to Work Recommendation Record was submitted to Defendant on or about December 17, 2002 which recommended a permanent restriction of light work, lifting 20 pounds maximum with frequent lifting and/or carrying objects weighing up to 10 pounds, no squatting, crawling or kneeling.

45.    Upon discussion with Defendant Kevin Sims, Plaintiff confirmed her need to follow the recommended medical restriction and Plaintiff stated that she would attempt to adhere to her doctor's order.

46.    Without regard to Plaintiff's requests for renewal of  the reasonable accommodation previously provided to her, Defendant terminated Plaintiff employment on or about February 10, 2003 alleging that her performance was unsatisfactory and Plaintiff could not perform the essential duties of a PC Technician.   Prior to her termination, Plaintiff had never been informed of a performance problem nor advised of an issue concerning her ability to perform the essential functions of her job.

47.    Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC)

48.    Plaintiff received a right to sue letter from the EEOC on or about September 1, 2003.

### IV.  CLAIMS

COUNT I:   DISABILITY DISCRIMINATION (ADA)

49.    Paragraphs one through forty-eight are herein incorporated as if fully rewritten.

6

50.    Plaintiff Sharyn Gruener was an individual employee of Ohio Casualty Insurance Company with a disability.

51.    Plaintiff's inability to lift over 20 pound, crawl, kneel, and squat is an substantial impairment of major life activities which significantly restricts Plaintiff's ability to perform a class of jobs as compared to the average person who has comparable training, skills, and abilities as the Plaintiff.

52.    Plaintiff is otherwise qualified to perform the job of PC technician with reasonable accommodation.

53.    Plaintiff was afforded reasonable accommodation until her transfer to an alternative Job site at Defendant's Hamilton Offices in 2002.

54.    Upon Plaintiff's transfer, Defendant discontinued providing reasonable accommodation to Plaintiff without notice or explanation.

55.    Plaintiff accepted the transfer to the alternative work site under the reliance that reasonable accommodation would continue to be extended to Plaintiff.

56.    Defendant transferred Plaintiff into the PC Technician with knowledge of Plaintiff's disability and the reasonable accommodation that was required in order for Plaintiff to perform the duties of  PC Technician.

57.    Plaintiff repeatedly requested that reasonable accommodations  be reinstated to accommodate Plaintiff's disabilities.

58.    Defendant repeatedly denied Plaintiff's requests for reinstatement of prior accommodation afforded to Plaintiff to accommodate Plaintiff's disability

59.    Defendant terminated Plaintiff's employment falsely and with malicious intent stating

that Plaintiff could not perform the essential duties of a PC Technician  Such false statements have harmed Plaintiff's business reputation and ability to find new employment and were therein outrageous in nature.

60.     Plaintiff is capable of performing the essential duties of PC technician with reasonable accommodation

61.     By not affording Plaintiff reasonable accommodation, Defendant discriminated against Plaintiff in violation of the 42 U.S.C. 12112 (A)(5)(A)

## COUNT TWO: FAIR LABOR STANDARDS ACT

62.     Paragraphs one through sixty-one are incorporated herein as if fully rewritten.

63.     Plaintiff, Sharyn Gruener, was employed by Defendant, Casualty Insurance Company.

64.     Defendant is an employer, as defined by the FLSA, and is engaged in interstate commerce.

65.     Plaintiff from time to time worked in excess of forty hours per week while employed as a PC/LAN Administrator by Defendant.

66.     Plaintiff was not paid for hours worked in excess of forty hours per week at a rate of one and one-half times the regular rate while Plaintiff was employed as a PC/LAN Administrator.

67.     Defendant's failure to compensate Plaintiff at one and one-half the regular rate for hours worked in excess of forty hours per week violates the FLSA.

## COUNT THREE: OHIO MINIMUM FAIR WAGE STANDARDS

68.     Paragraphs one through sixty-seven are incorporated herein as if fully rewritten.

69.      Plaintiff, Sharyn Gruener, was an employee of Defendant, Ohio Casualty Insurance

Company, as defined by R.C. 4111.01(D).

70.     Defendant was Plaintiff's employers, as defined by R.C. 4111.01(C).

71.     Plaintiff from time to time worked in excess of forty hours per week while employed as a

PC/LAN Administrator by Defendant.

72.     Defendant failed to pay Plaintiff for overtime at a wage of one and one-half the wage

rate for hours worked in one workweek, pursuant to R.C. 4111. 03(A) and (B).

73.     Defendant's failure to compensate Plaintiff for hours worked in excess of forty hours per

workweek at the rate of one and one-half time the regular rate constitutes a violation of the Ohio

Minimum Fair Wage Standards, R.C. 4111.01 et seq.


## PRAYER FOR RELIEF

74.     Paragraphs one through seventy-three are incorporated as if fully rewritten.

75.     Plaintiff prays for judgment to be entered in her favor and against Defendants as

follows:

    a).     An award of compensatory damages in an amount to be determined, but believed

            to be  in excess of one hundred thousand dollars ($ 100,000.00).

    b).     Punitive damages in an amount to be determined at trial.

    c).     An award of unpaid overtime compensation in an amount to be determined at

            trial.

    d).     An award of liquidated damages for unpaid overtime pay

    e).     A finding that the Defendant violation of the FLSA was willful

    f).     An award of attorney's fee, interest, and cost

g).     An injunction to prevent Defendant from denying overtime compensation to

current and future eligible employees; and,

h).     Such other relief as is warranted in the interest of justice.

## JURY DEMAND

With the filing of his Complaint, Plaintiff requests a jury on all issues so triable.

Respectfully submitted,

_____

Elizabeth Zink Pearson (0047284)
Counsel for Plaintiff

Pearson & Bernard, PSC
1224 Highway Avenue
Covington, KY   41012
(859) 655-3700
(859) 655-3703 (fax)

10