UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARYN GRUENER,

        Plaintiff,

    v.                                      C-1-03-780

THE OHIO CASUALTY INSURANCE
COMPANY,

        Defendant.

## ORDER

This matter is before the Court upon defendant's motion to reconsider the Court's Order of July 25, 2005, on the parties' motions for summary judgment (doc. 49). Defendant requests reconsideration of the Order on the ground that it places before the trier-of-fact issues regarding plaintiff's Americans with Disabilities Act (ADA) claim that are matters of law for the Court to decide. Defendant moves the Court to make purportedly necessary determinations of law on summary judgment concerning the major life activities at issue in the case. Plaintiff opposes the motion (doc. 51). Defendant has filed a reply in support of its motion (doc. 56). Plaintiff has filed a motion for leave to file a sur-reply (doc. 58).

1

Case: 1:03-cv-00780-TSH Doc #: 60 Filed: 08/11/05 Page: 2 of 3 PAGEID #: 582

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." ***Meekison v. Ohio Dept. of Rehabilitation and Correction,*** 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing ***Harsco Corp. v. Zlotnicki,*** 779 F.2d 906, 909 (3d Cir. 1985)).

Defendant has not presented a valid justification for the Court to reconsider its decision on summary judgment. First, the Court need not specifically identify at the summary judgment stage the major life activities in which plaintiff may be substantially limited. It is sufficient that the Court found that plaintiff has come forward with evidence that raises an issue as to whether she is substantially limited in her ability to perform one or more such activities. Second, the Court did not indicate in the Order that it is for the jury to decide what constitutes a major life activity under the ADA. Third, the Court's summary judgment ruling does not have the effect of placing before the jury the question of what constitutes a major life activity under the ADA. Rather, if plaintiff introduces sufficient evidence at trial to permit a jury verdict in her favor on the ADA claim, the trial judge can be expected to instruct the jury on the legal definition of major life activity, and it will be the jury's job to determine the factual issue of whether plaintiff is disabled by virtue of being substantially limited in her ability to perform any such activity.

For these reasons, defendant's motion to reconsider (doc. 49) is **DENIED.**  Plaintiff's motion for leave to file a sur-reply (doc. 58) is **DENIED** as moot.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT

J:\HJWA\03-780reconPUB.wpd